UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>Defendant. | Case No.: 15cv2748 H (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANT OF RESPONDENT'S MOTION TO DISMISS** |

**I.   INTRODUCTION**

Petitioner Wilmer Aguilar ("Petitioner" or "Aguilar") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which: (1) challenges the sufficiency of evidence presented at trial; (2) alleges that the trial court committed multiple errors; and (3) contends that the trial court imposed an illegal sentence. [ECF No. 1 at 6-52.]

Respondent has filed a motion to dismiss arguing the Petition should be dismissed because it was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2254. [ECF No. 10-1 at 3:10-17.]

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After consideration of the Petition, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in

Support of the Motion as well as Lodgments and Exhibits submitted by the parties, the Court recommends Respondent's Motion to Dismiss be **GRANTED** for the reasons set forth below.

## II.     PROCEDURAL BACKGROUND

On June 18, 2009, Aguilar was convicted in state court for burglary, robbery, false imprisonment, attempted carjacking, and kidnapping for robbery.[1] [Lodgment 5.] The San Diego Superior Court sentenced Aguilar to serve a term of eight years to life in prison. [Lodgment 3.] The California Court of Appeal affirmed the judgment on May 24, 2011. [ECF No. 1 at 53-85.] The California Supreme Court denied review on September 14, 2011. [Lodgment 2.]

Aguilar filed his first habeas corpus petition in the San Diego Superior Court on December 17, 2014. [Lodgment 3.] The San Diego Superior Court denied the petition on January 30, 2015. [Lodgment 4.]

On November 18, 2015, Aguilar filed a petition for writ of habeas corpus in the California Court of Appeal. [Lodgment 5.] The California Court of Appeal denied the petition on December 1, 2015. [Lodgment 6.]

Aguilar filed a petition for writ of habeas corpus in the California Supreme Court on January 4, 2016, which the court denied on April 13, 2016.[2] [Lodgment 7.]

Aguilar filed a petition for writ of habeas corpus in federal court on December 7, 2015.  [ECF No. 1.]  Respondent filed a motion to dismiss on February 5, 2016.  [ECF No. 10.]  Aguilar filed an opposition to the motion on February 22, 2016.  [ECF No. 12.]

---

[1] The San Diego Superior Court, in its order denying Aguilar's petition for writ of habeas corpus, state that Aguilar was convicted on June 8, 2009. [Lodgment 4.] However, the petitioner and the reporter's transcript indicate that the conviction occurred on June 18, 2009. [Lodgment 7.] The conviction date has no effect on the statutory or equitable tolling in this case, thus further inquiry into this issue is not necessary.

[2] *See* Supreme Court of California's disposition of Aguilar's petition for writ of habeas corpus, CALIFORNIA APPELLATE COURTS CASE INFORMATION SYSTEM, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search by case number "S231602"; then follow "Disposition" hyperlink) (last updated June, 2, 2016).

## III. DISCUSSION

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d) (West 2006). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

### A. Timeliness of Petition

Respondent contends Aguilar's Petition is untimely because it was filed three years after the statute of limitations imposed by 28 U.S.C. § 2244(d) expired on December 14, 2012. [ECF No. 10-1 at 3:10-17.] As explained above, Aguilar had one year from the date his conviction became final to file a petition for writ of habeas corpus in federal court absent statutory or equitable tolling where applicable.

Aguilar was convicted on June 18, 2009. [Lodgment 5.] Aguilar appealed the conviction, which was affirmed by the state appellate court on May 24, 2011. [ECF No. 1 at 53-85.] The California Supreme Court denied review on September 14, 2011. [Lodgment 2.] Aguilar's conviction became final ninety days later on December 13, 2011. *See* Sup Ct. R. 13.1, *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The statute of limitations began to run on December 14, 2011, the day after the judgment became final and expired one year later on December 14, 2012. See 28 U.S.C. 2244(d)(1)(A).

Absent any statutory or equitable tolling, Aguilar had until December 14, 2012, to file his federal habeas corpus petition. 28 U.S.C. § 2244(d); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a), which states "[i]n computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included" to AEDPA). Aguilar's federal habeas corpus petition was not filed until December 7, 2015. Accordingly, the petition is untimely by almost three years unless Aguilar is entitled to statutory or equitable tolling.

**B.     Statutory Tolling**

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Aguilar filed his first state habeas corpus petition on December 17, 2014. [Lodgment 6.] However, state habeas petitions filed *after* the statute of limitations period ends do not revive a limitations period that has already ended before the state petition was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.") Aguilar had until December 14, 2012, to file his federal habeas corpus petition. Aguilar filed his first state habeas corpus petition more than two years after the December 14, 2012 deadline. Consequently, Aguilar's filing of his first state petition, and all subsequent petitions, do not entitle him to any statutory tolling because the AEDPA deadline expired before any application for collateral review was filed. Unless equitable tolling applies, Aguilar's federal petition, filed on December 7, 2015, is still untimely by three years.

**C.     Equitable Tolling**

AEDPA's statute of limitations is also subject to equitable tolling. *Holland*, 130 S. Ct. at 2560. "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).) Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

As a basis for his entitlement to equitable tolling, Aguilar contends he was unable to file a federal habeas corpus petition because: (1) he can not read, write, or speak good English; (2) he lacked knowledge of the AEDPA guidelines and how to write a habeas

corpus petition; and (3) his legal issues were inadequately explained to him. [ECF No. 12 at 1-9.]

### 1. Language Barrier

Equitable tolling is appropriate in situations where the language barrier actually prevents timely filing. *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). However, it does not *automatically* justify equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (emphasis added). Lack of proficiency in English is insufficient to justify equitable tolling, when the petitioner's alleged lack of proficiency has not prevented him from accessing the courts. *Id.* In order for equitable tolling to be justified, a non-English speaker must show that "during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. The burden is on the petitioner to demonstrate that equitable tolling is appropriate. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (citing *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005))

Aguilar makes a vague and conclusory assertion that he can not "read, write, or speak good English." [ECF No. 12 at 7.] However, the trial court transcripts make no indication that Aguilar required a court interpreter, nor does it indicate that a court interpreter was even present during the proceeding. [Lodgment 5.] This demonstrates that Aguilar understood English sufficiently to forego a court interpreter. *Id.* Further, the trial court transcripts indicate that Aguilar responded to the Judge in English. *Id.* In response to the Judge asking him if he wanted to postpone his sentencing, Aguilar responded "Yes I do." *Id.*

Aguilar's case is analogous to *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), which is cited by the Ninth Circuit in *Mendoza*, where the petitioner claimed that he could not understand, read, or write English. Contrary to his claim, the petitioner was able to write a detailed letter to his attorney in English. *Mendoza*, 449 F.3d at 1070 (citing *Cobas*, 306 F.3d at 444). Further, in *Cobas* the petitioner had a court interpreter. [Lodgment 5.] The

court in *Cobas* held that the petitioner had not met the burden of proof to justify equitable tolling for lack of proficiency in English. *Cobas*, 306 F.3d at 444. Similarly this petitioner, who during his trial did not need the assistance of a court interpreter and was able to respond to the Judge in English, has sufficient command of the English language to file a timely habeas petition. [Lodgment 5.] Aguilar has not met the burden of proof to show that his lack of English proficiency prevented him from accessing the courts, therefore equitable tolling is not justified. *Cobas,* 306 F.3d at 444. [3]

Even if there was a finding that Aguilar could not read, write, or speak English proficiently, equitable tolling would still only be justified if the language barrier prevented him from timely filing a habeas corpus petition. *Mendoza*, 449 F.3d at 1069. For example, in *Mendoza*, the petitioner claimed that his lack of access to Spanish-language legal materials and inability to obtain a Spanish translator prevented him from learning about AEDPA's deadline. *Id*. at 1067. The petitioner supported his claims through declarations from fellow Spanish-speaking inmates, which stated that the petitioner had been to the prison library in an attempt to get Spanish legal materials and a translator, but was unsuccessful. *Id*. at 1068. The court reasoned that the lack of Spanish-language legal materials in the prison law library and the petitioner's incapability of finding a translator before the one-year deadline could constitute extraordinary circumstances. *Id.* at 1069.

Aguilar has provided no evidence to demonstrate that he even attempted and was unable, despite diligent efforts, to obtain legal materials in Spanish and/or a translator during the running of the AEDPA time limitation. [ECF No. 12 at 1-9.] Unlike *Mendoza*, where the petitioner had fellow inmate declarations to support his claims, Aguilar has not provided any evidence to show that the prison library lacked Spanish-language materials or that the library staff only spoke English.[4] Therefore, even if Aguilar could show that there was a sufficient language barrier to justify the claim of an extraordinary circumstance,

---

[3] Aguilar does not claim the he lacked English proficiency, only that he could not "read, write, or speak English good." [ECF No. 12 at 7.]

[4] Aguilar states in his petition that he diligently sought help from others. [ECF. No.12 at 2.] However, he does not contend that he sought help from others for translation purposes. *Id*.

he has failed to demonstrate that he pursued his rights diligently within the AEDPA time limitation. Relief is not warranted when conclusory allegations are made without any explanation of the basis for the allegations. *People v. Duvall*, 9 Cal.4th 464, 474 (1995). The burden of proof is on Aguilar to show that equitable tolling is appropriate. Aguilar has not produced any evidence to support his claim that he can not read, write, or speak English well enough, nor that he was diligent in seeking Spanish-language legal materials or a translator. *Espinoza-Matthews*, 432 F.3d at 1026. Thus, it is **RECOMMENDED** that the Court find Aguilar has failed to demonstrate that the language barrier created an extraordinary circumstance which prevented him from timely filing a habeas corpus petition within the year-long AEDPA limitations period.

### 2. Lack of Legal Sophistication

Aguilar also contends that his habeas corpus petition was untimely because he lacked knowledge of the AEDPA guidelines and how to write a habeas corpus petition. [ECF. No.12 at 2.] A *pro se* petition is to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Aguilar stated that he did not know or understand the AEDPA guidelines. [ECF. No.12 at 2.] However, in *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006), the Ninth Circuit held that the petitioner's inability to correctly calculate the AEDPA limitations period was not an extraordinary circumstance that warranted equitable tolling. Similar to *Rasberry*, where the petitioner claimed he was unaware of the correct AEDPA limitations period, Aguilar contends that he did not know or understand the AEDPA guidelines. *See Id.* [ECF. No.12 at 2.] Yet, lack of legal sophistication and ignorance of the law are not extraordinary circumstances that warrant equitable tolling. *See Id.* Aguilar also claims that he lacked the knowledge of how to produce papers to the court. [ECF. No.12 at 2.] However, equitable

---

[5] Aguilar argues that he should be held to the good cause standard applied in *Riner v. Crawford*, 415 F. Supp. 2d 1207 (D. Nev. 2006). In *Riner*, the court held that the good cause standard was applicable in a request for stay and abeyance of a federal habeas petition pending exhaustion of unexhausted state claims. *Id.* at 1210. However, exhaustion is not an issue in this case and Aguilar is not requesting a stay and abeyance, thus the good cause standard used in *Riner* is inapplicable to Aguilar's request for equitable tolling.

tolling is not appropriate because a "*pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."[6] *Id.* Therefore, it is **RECOMMENDED** that the Court find Aguilar has failed to show his ignorance of the law is an extraordinary circumstance which prevented him from timely filing a habeas corpus petition.

### 3. Inadequate Inmate Assistance

Aguilar also argues that the inmates helping him with the habeas corpus petition did not understand his legal issues, and therefore did not adequately explain the legal issues to him. [ECF. No.12 at 3.] Even though Aguilar's inmate helpers may not have adequately explained the legal issues to him, it does not relieve him of his personal responsibility to comply with the AEDPA guidelines. The Ninth Circuit has advised: "the fact that an inmate law clerk was assisting in drafting the state petition does not relieve [him] from the personal responsibility of complying with the law." *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220(10th Cir. 2000)). Aguilar has failed to demonstrate how his inadequate understanding of the legal issues made it impossible for him to file within the year-long AEDPA limitations period.[7] *See Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009). Consequently, it is **RECOMMENDED** that the Court find equitable tolling is not warranted and Aguilar's federal petition is thus untimely.

## IV. CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the Petition with prejudice.

---

[6] Aguilar states that his lack of legal sophistication argument is due to his limited English skills. [ECF No. 12 at 7.] However, as previously stated in Section III(C)(1), Aguilar has not shown that he lacked proficiency in English and even if he did, the language barrier does not justify equitable tolling under the facts presented.

[7] In order to receive equitable tolling, the petitioner must show that the extraordinary circumstance made it impossible to file a timely petition. *Ramirez*, 571 F.3d at 7 (citing *Roy v. Lampert*, 465 F. 3d 964, 969 (9th Cir. 2006)).

**IT IS ORDERED** that no later than **July 8, 2016,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 22, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: June 14, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge