**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILMER AGUILAR,<br><br>                              Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>                              Respondent. | Case No.:  3:15-cv-02748-H-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**<br><br>[Doc. No. 10]<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION**<br><br>[Doc. No. 15]<br><br>**(3) DENYING MOTION TO AMEND**<br><br>[Doc. No. 20 at 3]<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

On December 1, 2015, Petitioner Wilmer Aguilar, a state prisoner proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. No. 1.)  On February 5, 2016, Respondent filed a motion to dismiss arguing that the petition is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d).

---

[1] The Court substitutes in Scott Frauenheim, Warden of Pleasant Valley State Prison, where Petitioner is currently incarcerated, as Respondent under Federal Rule of Civil Procedure 25(d).

1

(Doc. No. 10.)  On February 17, 2016, Petitioner opposed Respondent's motion.  (Doc. No. 12.)  On June 14, 2016, the magistrate judge issued a report and recommendation recommending dismissing the petition as untimely.  (Doc. No. 15.)  Petitioner filed a motion to amend and an objection to the report and recommendation.  (Doc. Nos. 20 at 3, 22.)  For the reasons set forth below, the Court grants Respondent's motion to dismiss, denies Petitioner's motion to amend, adopts the magistrate judge's report and recommendation, and denies a certificate of appealability.

## Background

In June 2009, a jury convicted Petitioner of robbery, burglary, false imprisonment, attempted carjacking, and kidnapping for robbery.  (Doc. No. 1 at 59–60.)  Petitioner is serving a term of eight years to life imprisonment.  (Id.)  The California Court of Appeal struck the second-degree robbery convictions because they are lesser included offenses of the first-degree robbery convictions, stayed the sentence imposed for the burglary count, and affirmed the judgment in all other respects.  (Id. at 54.)  On September 14, 2011, the California Supreme Court denied Petitioner's petition for direct review.  (Doc. No. 11-2, Lodg. No. 2.)  Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.  (Doc. No. 1 at 3.)

On December 17, 2014, Petitioner filed a habeas petition in the San Diego Superior Court.  (Doc. No. 11-3, Lodg. No. 3.)  The Superior Court denied it on January 30, 2015.  (Doc. No. 11-4, Lodg. No. 4.)  On November 18, 2015, he filed a habeas petition in the California Court of Appeal.  (Doc. No. 11-5, Lodg. No. 5.)  The Court of Appeal denied it on December 1, 2015.  (Doc. No. 11-6, Lodg. No. 6.)  On December 14, 2015, he filed a habeas petition in the California Supreme Court.  (Doc. No. 11-7, Lodg. No. 7.)  The California Supreme Court denied it on April 13, 2016.  (Doc. No. 15 at 2.)

/ / /
/ / /
/ / /
/ / /

On December 1, 2015,[2] Petitioner filed a federal habeas petition under 28 U.S.C. § 2254, alleging that there was insufficient evidence of aggravated kidnapping, that the trial court erred by failing to sua sponte instruct the jury on various points of law, and that the trial court failed to poll the jury on the unanimity of its verdict after his counsel and the government waived the polling procedure.  (Doc. No. 1 at 6–47.)  On February 5, 2016, Respondent filed a motion to dismiss arguing that the petition is barred by the one-year statute of limitations under 28 U.S.C. § 2254(d).  (Doc. No. 10.)  On June 14, 2016, the magistrate judge concluded that the petition was untimely, and that Petitioner was not entitled to statutory or equitable tolling.  (Doc. No. 15.)   On August 12, 2016, Petitioner filed an objection and additional evidence.  (Doc. No. 22.)

**Discussion**

Under 28 U.S.C. § 636(b)(1), a district judge "shall make a de novo determination of those portion of the report or specified proposed findings or recommendations to which objection is made."  Therefore, the Court conducts its own analysis.

**I.   Statute of Limitations**

Since Petitioner filed the present federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. Lindh v. Murphy, 521 U.S. 320, 326–27 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc).  AEDPA imposes a one-year statute of limitations on habeas petitions filed by state prisoners in federal courts.  28 U.S.C. § 2244(d)(1); Holland v. Florida, 560 U.S. 631, 635 (2010).  Section 2244(d) provides:

/ / /

---

[2]  Under the mailbox rule, a pro se prisoner's petition for habeas corpus is constructively filed at the moment of delivery to prison authorities.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010). Petitioner signed the petition on December 1, 2015. (Doc. No. 1 at 113.) It was postmarked on December 4, 2015. (Id. at 117.)  The Court need not determine whether the petition is dated from the signature or from the postmark because it would not affect the Court's analysis.  See Campbell, 614 F.3d at 1059 n.2.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period begins to run the day after the judgment becomes final on direct review. See McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th Cir. 2015) (en banc); see also Fed. R. Civ. P. 6(a). The direct review process includes the ninety-day period within which a petitioner can seek a writ of certiorari from the U.S. Supreme Court, whether or not the petitioner actually files a petition. McMonagle, 802 F.3d at 1097; see also U.S. Sup. Ct. R. 13.

Respondent contends, correctly, that the petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (Doc. No. 10-1 at 2–5.) The California Supreme Court denied Petitioner's petition for direct review on September 14, 2011. (Doc. No. 11-2, Lodg. No. 2.) Petitioner had ninety days, until December 13, 2011, to file a petition for a writ of certiorari in the United States Supreme Court. See McMonagle, 802 F.3d at 1097;

4

see also U.S. Sup. Ct. R. 13.  He did not seek certiorari.  Therefore, his conviction became final on the following day, December 14, 2011, and AEDPA's one-year statutory period began to run that same day.  See 28 U.S.C. § 2244(d)(1)(A).  Hence, AEDPA's limitations period expired one year later, on December 13, 2012.  Petitioner filed his petition in this Court on December 1, 2015, (Doc. No. 1), almost three years after AEDPA's statute of limitations expired.  As a result, absent a basis for tolling, his petition is untimely.

## II. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), a properly filed state court application for collateral review tolls the one-year AEDPA limitations period.  Carey v. Saffold, 536 U.S. 214, 217 (2002).  Here, however, Petitioner's state habeas petitions did not toll AEDPA's statutory period because he filed his state petition in the San Diego Superior Court on December 17, 2014, two years after AEDPA's statute of limitations had already run.  (Doc. No. 11-3, Lodg. No. 3.)  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").  Therefore, Petitioner is not entitled to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).

## III. Equitable Tolling

A petitioner seeking habeas relief may be entitled to equitable tolling if the petitioner can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule."  Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal quotation marks omitted).

Petitioner first argues that he is entitled to equitable tolling because he cannot "read, write, or speak good English."  (Doc. No. 12. at 7.)  However, as the magistrate judge explained, "a petitioner's inability to speak, write and/or understand English, in and of itself, does not automatically justify equitable tolling."  Mendoza, 449 F.3d at 1069–70 (internal quotation marks omitted).  Instead, "a non-English-speaking petitioner seeking

equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070. The petitioner "bears the burden of showing that equitable tolling is appropriate." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal quotation marks omitted).

The trial court transcript indicates that Petitioner did not require a court interpreter during the proceedings, and he responded in English to the trial court's question of whether to postpone his sentencing. (Doc. No. 1 at 109–12.) Moreover, he has not presented evidence showing that he diligently pursued, but failed to procure, the necessary legal materials or assistance during the relevant time period. The additional materials he filed in his objection do not change that assessment. (See Doc. No. 22.) Therefore, Petitioner has failed his burden to demonstrate that language difficulties prevented him from a timely filing. See Mendoza, 449 F.3d at 1069.

Petitioner further argues that he did not know about the AEDPA deadline and he lacks the education to represent himself and produce papers to the court. (Doc. No. 12 at 2–3.) However, the Ninth Circuit has held that a pro se petitioner's lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that the defendant's inability to correctly calculate the limitations period is not an extraordinary circumstance warranting equitable tolling).

Finally, Petitioner argues that the inmates helping him with the petition did not adequately understand or explain the legal issues involved in his case. (Doc. No. 12 at 3.) Again, these are not extraordinary circumstances as to "ma[ke] it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks omitted); see Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[T]he fact that an inmate law clerk was assisting in drafting the state petition does not relieve him from the personal responsibility of complying with the law."). Petitioner has failed to make

the requisite showing that his inadequate understanding of the legal issues prevented him from filing on time. Therefore, he does not qualify for equitable tolling, and his petition is barred by AEDPA's one-year statute of limitations.

## Conclusion

For the foregoing reasons, the Court grants Respondent's motion to dismiss the petition under 28 U.S.C. § 2254, denies Petitioner's motion to amend as moot,[3] and adopts the magistrate judge's report and recommendation. (Doc. Nos. 10, 15, 20.) Additionally, because the Court concludes that reasonable jurists would not find the Court's analysis debatable or wrong, the Court denies a certificate of appealability. See 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability may issue only if, at least, "jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

**IT IS SO ORDERED.**

DATED: September 1, 2016

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] Petitioner moved to amend the petition "to attack the sentence instead of conviction." (Doc. No. 20 at 3.) Since the amendment would be futile to save the petition from being barred by the statute of limitations, the Court denies Petitioner's motion to amend. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").